James M. McDonnell, Esq. (Bar ID No. 030572001)
Kajal J. Patel, Esq. (Bar ID No. 242432017)
JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, New Jersey 07922
(908) 795-5200
ATTORNEYS FOR DEFENDANTS

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOSE LABOY, | : | |
| | : | Civil Action No. |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | **NOTICE AND PETITION FOR** |
| PERFORMANCE GROUP INC. d/b/a/ | : | **REMOVAL OF CASE FROM THE** |
| PERFORMANCE | : | **SUPERIOR COURT OF NEW JERSEY,** |
| FOODSERVICE/ROMA-NEW JERSEY; | : | **LAW DIVISION, MERCER COUNTY** |
| PERFORMANCE TRANSPORTATION | : | |
| LLC, and JOHN DOES 1-5 AND JOHN | : | |
| DOES 1-6, et al., | : | |
| | : | |
| Defendants. | : | |

TO:   William T. Walsh, Clerk of Court
      United States District Court for the District of New Jersey
      Martin Luther King Building & U.S. Courthouse
      50 Walnut Street, Room 4015
      Newark, New Jersey 07101

      Kevin M. Costello, Esq.
      Costello & Mains, LLC
      18000 Horizon Way, Suite 800
      Mount Laurel, NJ 08504
      Attorneys for Plaintiff

Pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, Defendants Performance Group, Inc.

d/b/a Performance Foodservice/Roma-New Jersey, and Performance Transportation, LLC

("Defendants") respectfully submit this Notice and Petition for Removal of this case from the

Superior Court of New Jersey, Law Division, Mercer County, bearing Docket No. MER-L-1728-

21, and states as follows as grounds for removal:

1

1.      On or about August 20, 2021, Plaintiff, Jose Laboy ("Plaintiff"), filed a civil action captioned <u>Jose Laboy v. Performance Group, Inc. d/b/a Performance Foodservice/Roma-New Jersey, and Performance Transportation, LLC, et al.,</u> Docket No. MER-L-L-1728-21, in the Superior Court of New Jersey, Law Division, Mercer County.

2.      Defendants were served with a copy of the summons and complaint on or about September 16, 2021.  The summons and complaint were the initial pleadings received by Defendants setting forth the claims upon which Plaintiff's action is based.  A true and correct copy of the initial Complaint in that action is attached hereto as **Exhibit A**.

3.      Defendants were served with a copy of the First Amended Complaint on or about October 7, 2021.  A true and correct copy of the First Amended Complaint in that action is attached hereto as **Exhibit B**.

4.      This notice and petition is timely filed within the provisions of 28 U.S.C. § 1446, as Defendants have effected removal within thirty (30) days of receipt of the initial pleading setting forth the claims for relief upon which the complaint is based.  <u>See</u> 28 U.S.C. § 1446.

5.      No proceedings have taken place in the state court action.  Defendants have not served an answer or responsive pleading to Plaintiff's initial or First Amended Complaint or made any appearance or argument before the Superior Court of New Jersey.

6.      This action is removable to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, as it involves a controversy between citizens of different states:

      a.      Plaintiff is, and has been, upon the filing of the initial Complaint on August 20, 2021, service on September 16, 2021, and upon the filing of the First Amended Complaint on September 28, 2021, service on October 7, 2021, and at the time of filing of this removal petition, a citizen and resident of the State of New Jersey.  (<u>See</u> **Exhibits A** and **B**, ¶ 1).

b.  Performance Food Group, Inc.,[1] upon the filing of the initial Complaint on August 20, 2021, service on September 16, 2021, and upon the filing of the First Amended Complaint on September 28, 2021, service on October 7, 2021, and at the time of filing of this removal petition, is incorporated in the State of Colorado with its principal place of business located at 12500 West Creek Parkway, Richmond, Virginia 23238.

c.  Performance Food Group, Inc. does business as Performance FoodService and Performance FoodService/ROMA-New Jersey.

d.  Performance Foodservice/ROMA – New Jersey is a business designation belonging to Performance Food Group, Inc., not a separate legal entity.

e.  Performance Transportation, LLC, upon the filing of the initial Complaint on August 20, 2021, service on September 16, 2021, and upon the filing of the First Amended Complaint on September 28, 2021, service on October 7, 2021, and at the time of filing of this removal petition, is Delaware limited liability company with a principal place of business located at 12500 West Creek Parkway, Richmond, Virginia 23238.

   i.  Performance Food Group, Inc. (as set forth in Paragraph 5(b) above) is a member of Performance Transportation, LLC (99% membership) and, upon the filing of the initial Complaint on August 20, 2021, service on September 16, 2021, and upon the filing of the First Amended Complaint on September 28, 2021, service on

---

[1] Defendants note that Performance Foodservice/ROMA – New Jersey is the former d/b/a for Performance Food Group, Inc. which expired on December 16, 2019.  Plaintiff has improperly pled Performance Food Group, Inc. as "Performance Group Inc."  The new d/b/a for Performance Food Group, Inc. is "Performance Foodservice – New Jersey."

October 7, 2021, and at the time of filing of this removal petition, is incorporated in the State of Colorado with its principal place of business located at 12500 West Creek Parkway, Richmond, Virginia 23238.

ii.     PFST Holding Co. (1% membership), upon the filing of the initial Complaint on August 20, 2021, service on September 16, 2021, and upon the filing of the First Amended Complaint on September 28, 2021, service on October 7, 2021, and at the time of filing of this removal petition, is a Delaware corporation with a principal place of business located at 12500 West Creek Parkway, Richmond, Virginia 23238.

7.     As set forth in the initial and First Amended Complaint, Plaintiff asserts the following causes of action: (1) a violation of the Conscientious Employee Protection Act; (2) violation of the New Jersey Wage and Hour Law; and (3) request for equitable relief.   While not specifically enumerated in Plaintiff's Complaint, the entire amount in controversy appears to contemplate an amount exceeding the sum of $75,000.

8.     Specifically, Plaintiff seeks to recover compensatory damages, non-economic compensatory damages, liquidated damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay and benefits, equitable front pay and benefits, equitable reinstatement and all benefits, and any other relief the Court deems equitable and just. (See **Exhibits A** and **B**, at WHEREFORE clauses following Counts One, Two, and Three, ¶ 52)

9.     Given the extensive relief that Plaintiff requests, Defendants submit that the amount in controversy exceeds the jurisdictional threshold set by 28 U.S.C. § 1332.

10.     Because there is complete diversity between the parties and the amount in controversy is in excess of $75,000, this Court has original jurisdiction over Plaintiff's claims by virtue of diversity of citizenship and satisfaction of the amount in controversy requirement of 28 U.S.C. § 1332.  This action is properly removable to federal court pursuant to 28 U.S.C. §§ 1332(a) and 1441.

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a).

12.     Defendants file this Notice of Removal without waiving any defense to Plaintiff's claims or conceding that Plaintiff has pled claims upon which relief can be granted.

13.     Pursuant to 28 U.S.C. § 1446(d), Defendants have given written notice of the removal of this action to all adverse parties and has filed a copy of this notice with the Clerk of the Superior Court of New Jersey, Law Division, Mercer County.

**WHEREFORE**, Defendants respectfully request that the within action, now pending in the Superior Court of New Jersey, Law Division, Mercer County, be removed to the United States District Court for the District of New Jersey.

Respectfully submitted,

JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, NJ 07922
(908) 795-5200

By:     /s/ *James M. McDonnell*
        James M. McDonnell
        Kajal J. Patel
        Attorneys for Defendants

Dated:   October 12, 2021

4847-4114-9691, v. 1

5

# EXHIBIT A

 Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:** Thu, Sep 16, 2021

**Server Name:** Drop Service

| Entity Served | Performance Transportation, LLC |
|---|---|
| Case Number | MERL172821 |
| Jurisdiction | NJ |



# Costello & Mains, LLC

### Counselors at Law



**Kevin M. Costello◊+**
**Deborah L. Mains○**
**Daniel T. Silverman□**
**Drake P. Bearden, Jr. ◊□**

**Jacquelyn R. Matchett □**
**Christopher M. Emrich □**
**Miriam S. Edelstein □○**
**Christina M. D'Auria □**
**Bryan J. Horen +**
**Lauren N. Bess ***
**Jack R. Spitz +**
**Eddie S. Freeman +**

◊CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL ATTORNEY

○ Member of the New Jersey, New York Bars.
+ Member of the New Jersey Bar
□ Member of the New Jersey, Pennsylvania Bars
* Pending Member of the New Jersey Bar

www.CostelloMains.com
(856) 727-9700
(856) 727-9797 (fax)

September 15, 2021

**VIA PROCESS SERVER**
Performance Transportation, LLC d/b/a Performance Food Group, Inc.
c/o National Registered Agents, Inc.
820 Bear Tavern Road
West Trenton, New Jersey 08628

> Re:  **Jose Laboy v. Performance Group Inc. d/b/a Performance Food Service/**
> **Roma-New Jersey, et al.**
> **Docket No.: MER-L-1728-21**

To Whom It May Concern:

Enclosed for service upon you please find the following:  Summons and Complaint; Case Information Statement; Track Assignment; Plaintiff's First Set of Interrogatories to Defendants and Plaintiff's First Request for Production of Documents to Defendants, in the above matter.

Thank you.

Very truly yours,

**COSTELLO & MAINS, LLC**

By:  */s/Eddie S. Freeman, III*
**Eddie S. Freeman, III**

ESF/kp
Enclosures
cc:  Jose Laboy

**18000 Horizon Way, Suite 800, Mt. Laurel, NJ 08054**

**COSTELLO & MAINS, LLC**
By: Eddie S. Freeman, III
Attorney I.D. No. 210332017
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | |
|---|---|
| JOSE LABOY,<br><br>               Plaintiff,<br><br>vs.<br><br>PERFORMANCE GROUP INC. d/b/a<br>PERFORMANCE FOOD SERVICE/<br>ROMA-NEW JERSEY; PERFORMANCE<br>TRANSPORTATION LLC. and JOHN<br>DOES 1-5 AND JOHN DOES 6-10,<br><br>               Defendants. | SUPERIOR COURT OF NEW JERSEY<br>MERCER COUNTY - LAW DIVISION<br><br>CIVIL ACTION<br><br>DOCKET NO: MER-L-1728-21<br><br>**SUMMONS** |

**From The State of New Jersey to the Defendant Named Above:**

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiffs' attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf

/s/   Michelle M. Smith
Clerk of the Superior Court

DATED: September 15, 2021

**Name of Defendant to be Served:**     Performance Transportation, LLC d/b/a
                                        Performance Food Group, Inc.

**Address of Defendant to be Served:**  c/o National Registered Agents, Inc.
                                        820 Bear Tavern Road
                                        West Trenton, New Jersey 08628

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Courthouse, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Streets
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl. Court House
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House – 1st Floor
583 Newark Avenue
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Middlesex Vicinage
2nd Floor – Tower
56 Paterson Street
New Brunswick, NJ 08903

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 866-0020

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
71 Monument Park
P.O. Box 1269
Freehold, NJ 07728

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Washington and Court Streets
P.O. Box 910
Morristown, NJ 07963

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market Street
P.O. Box 29
Salem, NJ 08079

LAWYER REFERRAL
(856) 678-8363
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, NJ 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1ˢᵗ Fl., Court House
2 Broad Street
Elizabeth, NJ 07207

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvedere, NJ 07823

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 475-2010

**COSTELLO & MAINS, LLC**
By: Kevin M. Costello
Attorney I.D. No. 024411991
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | |
|---|---|
| JOSE LABOY, | SUPERIOR COURT OF NEW JERSEY |
|  | MERCER COUNTY - LAW DIVISION |
| Plaintiff(s), | |
|  | CIVIL ACTION |
| vs. | |
|  | DOCKET NO: |
| PERFORMANCE GROUP INC. d/b/a | |
| PERFORMANCE FOODSERVICE/ | |
| ROMA-NEW JERSEY; PERFORMANCE | |
| TRANSPORTATION LLC. and JOHN | **COMPLAINT AND JURY DEMAND** |
| DOES 1-5 AND JOHN DOES 6-10, | |
|  | |
| Defendants. | |

Plaintiff Jose Laboy, residing in Trenton, New Jersey, by way of Complaint against the Defendants, says:

<u>Preliminary Statement</u>

This matter is opened to the Court under the Conscientious Employer Protection Act ("CEPA") alleging unlawful termination. Claim is further brought to remedy violations of the New Jersey Wage and Hour Law ("WHL").

<u>Identification of Parties</u>

1.    Plaintiff Jose Laboy is, at all relevant times herein, a resident of the State of New Jersey and was an employee of Defendant.

1

2.      Defendant Performance Group Inc. d/b/a Performance Foodservice/Roma-New Jersey is, at all relevant times, an entity conducting business in the State of New Jersey and was Plaintiff's employer.

3.      Defendant Performance Transportation LLC. Is, at all relevant times, an entity operating in the State of New Jersey and was Plaintiff's employer.

4.      Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the Plaintiff for the acts set forth herein.

## General Allegations

5.      Plaintiff was employed by Defendants from on or about November 23, 2020 until his unlawful termination on or about March 23, 2021.

6.      Plaintiff was employed as a Delivery Truck Driver.

7.      At all times, Plaintiff performed up to and beyond the reasonable expectations of his employers.

8.      As a driver, Plaintiff would retrieve his assigned truck from Swedesboro, New Jersey, log in, and perform deliveries throughout his assigned routes in New Jersey and Pennsylvania.

9.      During Plaintiff's employment, he rarely had the assistance of a helper which resulted in the assigned delivery routes taking more time.

10.     Plaintiff was not getting enough sleep based upon his assigned schedule, the lack of a helper, and the time it took to complete his deliveries.

11.     On or about March 22, 2021, Plaintiff worked approximately 16.5 hours.

2

12.    On or about March 23, 2021, Plaintiff spoke with Shawn Coco, Supervisor, to request the assistance of a helper for his deliveries that day.

13.    Mr. Coco informed Plaintiff that he would not be given a helper.

14.    Plaintiff left the Swedesboro facility and began to make his assigned deliveries in Philadelphia, Pennsylvania.

15.    On that day, there were numerous road closures due to road work being performed.

16.    Plaintiff contacted Mr. Coco to advise that he was unable to make the scheduled delivery due to the road closures.

17.    Mr. Coco instructed Plaintiff to keep trying to make the delivery while also attempting to contact the sales representative.

18.    This caused about a two hour delay to Plaintiff's assigned delivery route.

19.    Plaintiff continued to make his scheduled deliveries, but grew concerned he would exceed the legal driving time.

20.    Plaintiff contacted Mr. Coco to express that concern.

21.    Mr. Coco informed Plaintiff that he could drive 14 hours per day.

22.    Plaintiff advised that he could not finish the route as he believed the legal drive time was no more than 12 hours.

22.    Plaintiff was of the reasonable belief that exceeding 12 hours per day of drive time was illegal or unsafe for himself or other users of the roadways on which he was driving.

23.    Pursuant to 49 CFR Section 395.3(a)(2) a driver may not drive after a period of 14 consecutive hours after coming on duty following ten consecutive hours off duty.

3

24.     Further, per 49 CFR Section 395.3(a)(3)(i), a driver may drive a total of 11 hours during the period specified in paragraph (a)(2) of this section.

25.     Plaintiff further expressed his concern that exceeding the legal drive time could jeopardize his CDL.

26.     Plaintiff was of the reasonable belief that completing the remaining seven stops would have caused him to exceed the legal amount of driving hours.

27.     Mr. Coco then informed Plaintiff he would be terminated if he did not complete his route.

28.     Fearing that he was violating the law and risking the loss of his license, Plaintiff did not complete his route.

29.     Plaintiff was terminated from his employment with Defendants.

30.     A determinative and/or motivating factor in Plaintiff's termination was Plaintiff's CEPA protected conduct.

31.     Throughout Plaintiff's employment, he was compensated at an hourly rate of $26 per hour.

32.     Plaintiff regularly worked in excess of 40 hours per week.

33.     For any overtime hours worked, Plaintiff was only paid an additional $13 per hour for each hour of overtime worked instead of an additional $18 per hour for each overtime hour worked, as required by the NJWHL.

34.     Without the records that are in the possession and control of Defendants, Plaintiff cannot plead with specificity the number of hours he worked each week during the course of his employment with Defendants.

35.     Defendants are Trucking Industry employers as defined in NJSA 34:11-56a4(f).

4

36.    Plaintiff is entitled to overtime compensation at a rate of one and a half times the minimum wage rate.

37.    Defendants failed to pay Plaintiff the correct overtime compensation for all hours worked in excess of 40 hours per week.

38.    As a result of Defendants' actions, Plaintiff has been forced to suffer economic and emotional harm.

39.    Because the conduct of Defendants was egregious and because members of upper-management participated in and/or were willfully indifferent to the same, punitive damages are warranted.

## COUNT I

### Violations of CEPA

40.    Plaintiff hereby repeats and re-alleges paragraphs 1 through 39, as though fully set forth herein.

41.    For the reasons set forth above, Plaintiff contends that his discharge was determined and/or motivated in part by his protected conduct under CEPA, for which all Defendants are liable.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

## COUNT II

### Violation of the New Jersey Wage and Hour Law

42.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 41, as though fully set forth herein.

43.     Plaintiff, during the course of his employment, regularly worked in excess of 40 hours in a work week.

44.     Defendants failed to pay Plaintiff overtime compensation at a rate of one and one-half times the minimum wage for hours worked in excess of 40 hours in a work week.

45.     Defendants, by the above acts, have violated the New Jersey Wage and Hour Law.

46.     Plaintiff has suffered monetary damages as a result of Defendants' acts.

WHEREFORE, Plaintiff respectfully request that this Court enter judgment:

a.     Declaring that the acts and practices complained of herein are in violation of the NJWHL;

b.     Directing Defendants to make Plaintiff whole for all unpaid overtime wages due as a consequence of Defendants' violation of the NJWHL, together with interest thereon from the date(s) such wages were due but unpaid;

c.     Directing Defendants to pay Plaintiff an amount of liquidated damages in an amount equal to 200% of the overtime wages due and unpaid;

d.     Awarding Plaintiff the costs of this action together with reasonable attorney's fees;

e.     Granting such other and further relief as the Court deems necessary and proper.

MER-L-001728-21   08/20/2021 12:16:13 PM  Pg 7 of 10 Trans ID: LCV20211933351

## COUNT III

### <u>Request for Equitable Relief</u>

47.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 46 as though fully set forth herein.

48.     Plaintiff requests the following equitable remedies and relief in this matter.

49.     Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

50.     Plaintiff requests that this Court order the Defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific Plaintiff and as to all other individuals similarly situated.

51.     To the extent that Plaintiff was separated from employment and to the extent that the separation is contested herein, Plaintiff requests equitable reinstatement, with equitable back pay and front pay.

52.     Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the Plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the Plaintiff.

53.     Plaintiff requests that the Court equitably order the Defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

54.     Plaintiff requests that the Court order the Defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

55.    Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

**COSTELLO & MAINS, LLC**

By:   */s/ Kevin M. Costello*
Kevin M. Costello

Dated:  August 20, 2021

8

## DEMAND TO PRESERVE EVIDENCE

1.     All Defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2.     Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

COSTELLO & MAINS, LLC


By:   _/s/ Kevin M. Costello_
     Kevin M. Costello

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

COSTELLO & MAINS, LLC


By:   _/s/ Kevin M. Costello_
     Kevin M. Costello

9

## RULE 4:5-1 CERTIFICATION

1.   I am licensed to practice law in New Jersey and am responsible for the captioned

matter.

2.   I am aware of no other matter currently filed or pending in any court in any

jurisdiction which may affect the parties or matters described herein.

**COSTELLO & MAINS, LLC**

By:   _/s/ Kevin M. Costello_
Kevin M. Costello

## DESIGNATION OF TRIAL COUNSEL

Kevin M. Costello, Esquire, of the law firm of Costello & Mains, LLC, is hereby-

designated trial counsel.

**COSTELLO & MAINS, LLC**

By:   _/s/ Kevin M. Costello_
Kevin M. Costello

10

MER-L-001728-21   08/20/2021 12:16:13 PM  Pg 1 of 1 Trans ID: LCV20211933351

# Civil Case Information Statement

**Case Details: MERCER | Civil Part Docket# L-001728-21**

**Case Caption:** LABOY JOSE  VS PERFORMANCE GROUP
IN C. D/B/A

**Case Initiation Date:** 08/20/2021

**Attorney Name:** KEVIN MICHAEL COSTELLO

**Firm Name:** COSTELLO & MAINS, LLC

**Address:** 18000 HORIZON WAY STE 800
MT LAUREL NJ 080544319

**Phone:** 8567279700

**Name of Party:** PLAINTIFF : LABOY, JOSE

**Name of Defendant's Primary Insurance Company**
**(if known):** Unknown

**Case Type:** WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE
PROTECTION ACT (CEPA)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same**
**transaction or occurrence)?** NO

**Are sexual abuse claims alleged by:** JOSE LABOY? NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual**
**management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category:** Putative Class Action? NO  Title 59? NO  Consumer Fraud? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

08/20/2021                                                          /s/ KEVIN MICHAEL COSTELLO
Dated                                                                     Signed

# EXHIBIT B



## PROCESS SERVER DELIVERY DETAILS

**Date:**            Thu, Oct 7, 2021

**Server Name:**     Drop Service

| Entity Served | PERFORMANCE TRANSPORTATION, LLC |
|---|---|
| Case Number | MERL172821 |
| Jurisdiction | NJ |



# Costello & Mains, LLC

### Counselors at Law



**Kevin M. Costello◊+**
**Deborah L. Mains**○
**Daniel T. Silverman**□
**Drake P. Bearden, Jr. ◊□**

**Jacquelyn R. Matchett** □
**Christopher M. Emrich** □
**Miriam S. Edelstein** □○
**Christina M. D'Auria** □
**Bryan J. Horen +**
**Lauren N. Bess ***
**Jack R. Spitz +**
**Eddie S. Freeman +**

◊CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL ATTORNEY

○ Member of the New Jersey, New York Bars.
+ Member of the New Jersey Bar
□ Member of the New Jersey, Pennsylvania Bars
* Pending Member of the New Jersey Bar

**www.CostelloMains.com**
**(856) 727-9700**
**(856) 727-9797 (fax)**

October 6, 2021

**VIA PROCESS SERVER**
Performance Transportation, LLC d/b/a Performance Food Group, Inc.
c/o National Registered Agents, Inc.
820 Bear Tavern Road
West Trenton, New Jersey 08628

> Re:   **Jose Laboy v. Performance Group Inc. d/b/a Performance Food Service/**
> **Roma-New Jersey, et al.**
> **Docket No.: MER-L-1728-21**

To Whom It May Concern:

Enclosed for service upon you please find the following:  Summons and Amended Complaint; Case Information Statement; track assignment; Plaintiff's First Set of Interrogatories to Defendants and Plaintiff's First Request for Production of Documents to Defendants, in the above matter.

Thank you.

Very truly yours,

**COSTELLO & MAINS, LLC**

By:   ___*/s/ Eddie S. Freeman III*_____
**Eddie S. Freeman III**

ESF/jm
Enclosures
cc:   Jose Laboy

**18000 Horizon Way, Suite 800, Mt. Laurel, NJ 08054**

# Costello & Mains, LLC

**Counselors at Law**

Kevin M. Costello◊+
Deborah L. Mainso
Daniel T. Silverman□
Drake P. Bearden, Jr. ◊□



Jacquelyn R. Matchett □
Christopher M. Emrich □
Miriam S. Edelstein □◊
Christina M. D'Auria □
Bryan J. Horen +
Lauren N. Bess *
Jack R. Spitz +
Eddie S. Freeman +

◊CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL ATTORNEY

◊ Member of the New Jersey, New York Bars.
+ Member of the New Jersey Bar
□ Member of the New Jersey, Pennsylvania Bars
* Pending Member of the New Jersey Bar

www.CostelloMains.com
(856) 727-9700
(856) 727-9797 (fax)

October 6, 2021

**VIA PROCESS SERVER**
Performance Transportation, LLC d/b/a Performance Food Group, Inc.
c/o National Registered Agents, Inc.
820 Bear Tavern Road
West Trenton, New Jersey 08628

> Re:  Jose Laboy v. Performance Group Inc. d/b/a Performance Food Service/
> Roma-New Jersey, et al.
> Docket No.: MER-L-1728-21

To Whom It May Concern:

Please be advised that this office represents the interests of the above-named plaintiff in this action.

The term "you," "your" or "yours" as used herein shall refer to you (the recipient of this letter), as well as any and all named defendants in this matter, its affiliates and/or subsidiaries, its employees, representatives and/or agents and officials, as well as any and all individuals responsible for the custody and control of the below information, including but not limited to those individual's administrative assistants, secretaries, agents, employees, information technology personnel and third-party vendors.

You are directed from this point forward to prevent any "spoliation", defined as alteration, change, updating, periodic destruction of, editing or deletion of, any of the information which is set forth hereafter.

**18000 Horizon Way, Suite 800, Mt. Laurel, NJ 08054**

October 6, 2021
Page 2 of 3

      If you cause any such alteration, destruction or change, directed or allow it to occur, you will be potentially charged with discovery rule violations for which sanctions may be imposed. Further, the Complaint may be amended to add purposeful and/or reckless or negligent destruction or spoliation of evidence.  Finally, we may ask for specific instructions to the jury to find certain facts to your disadvantage by virtue of the destroyed or inaccessible evidence.

**18000 Horizon Way, Suite 800, Mt. Laurel, NJ 08054**

October 6, 2021
Page 3 of 3

## Electronically Stored Information

In terms of electronically stored information, you are directed to prevent any destructive, alterative or other change to any web pages, virtual profiles or identities (including *but not limited to* Myspace, Facebook, Instagram, Pinterest, Twitter, Tumblr, LinkedIn, Google Plus+, Flickr, Vine, About.me, ask.fm etc. or any other social media-based web profile or networking site account.), emails, voice messages, text messages, instant messages or messaging systems, pertaining in any way to this controversy or to the parties or witnesses, recordings, digital recordings, media images and videos, temporary memory, memory sticks, portable memory devices, laptops or computers, CDs, DVDs, USB devices, databases, computer activity logs, internet browsing history (including cookies), network access and server activity logs, word processing files and file fragments, back-up and archival files, imaging and facsimile files, electronic calendar and scheduling program files and file fragments as well as any other contact and relationship management data (e.g., Outlook, ACT!), electronic spreadsheet files and file fragments, related to this matter. This includes a request that such information not be modified, altered or deleted as a result of data compression or disk fragmentation (or other optimizations procedures), which processes you are hereby directed to suspend until such time as that data can be preserved, copied and produced.

You are directed not modify, alter or delete—or allow modifications, alterations or deletions to be made to—any such electronically stored information unless an exact replica or "mirror image" has been made and will preserved and made accessible for purposes of discovery in this litigation and unless, in addition, an activity log of all document modifications already made to any electronically stored information is maintained.

Electronic documents and the storage media on which they reside contain relevant, discoverable information beyond that which may be found in printed documents. Therefore, even where a paper copy exists, we will seek all documents in their electronic form along with information about those documents contained on the media. We also will seek paper printouts of only those documents that contain unique information after they were printed out (such as paper documents containing handwriting, signatures, marginalia, drawings, annotations, highlighting and redactions) along with any paper documents for which no corresponding electronic files exist.

You are further directed to preserve and not destroy all passwords, decryption procedures (including, if necessary, the software to decrypt the files); network access codes, manuals, tutorials, written instructions, decompression or reconstruction software, and any and all other information and things necessary to access, view and (if necessary) reconstruct the electronic data we will request through discovery.

## Paper Information

In terms of paper information, you are directed to preserve any and all contracts and contract drafts, emails, memos and drafts of memos, handbooks (past and present), policies (past and present) and drafts, employment files, pay stubs or duplicates, spreadsheets, lists, documents,

**18000 Horizon Way, Suite 800, Mt. Laurel, NJ 08054**

October 6, 2021
Page 4 of 3

notes, correspondence, photographs, investigative information or other documents which pertain in any way to the controversy, parties or witnesses in this matter.

Please be guided accordingly.

Very truly yours,

**COSTELLO & MAINS, LLC**

By: ___ */s/ Eddie S. Freeman III* _____
        **Eddie S. Freeman III**

ESF/jm
cc:     Jose Laboy

**18000 Horizon Way, Suite 800, Mt. Laurel, NJ 08054**

**COSTELLO & MAINS, LLC**
By: Eddie S. Freeman, III
Attorney I.D. No. 210332017
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | |
|---|---|
| JOSE LABOY,<br><br>              Plaintiff(s),<br><br>  vs.<br><br>PERFORMANCE GROUP INC. d/b/a<br>PERFORMANCE FOOD SERVICE/<br>ROMA-NEW JERSEY; PERFORMANCE<br>TRANSPORTATION LLC. and JOHN<br>DOES 1-5 AND JOHN DOES 6-10,<br><br>              Defendant(s). | SUPERIOR COURT OF NEW JERSEY<br>MERCER COUNTY - LAW DIVISION<br><br>CIVIL ACTION<br><br><br>DOCKET NO: MER-L-1728-21<br><br><br><br><br><br>**SUMMONS** |

**From The State of New Jersey to the Defendant Named Above:**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiffs' attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf

/s/   Michelle M. Smith
Clerk of the Superior Court

DATED: October 6, 2021

Name of Defendant to be Served:

Address of Defendant to be Served:

Performance Transportation, LLC d/b/a
Performance Food Group, Inc.
c/o National Registered Agents, Inc.
820 Bear Tavern Road
West Trenton, New Jersey 08628

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Courthouse, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Streets
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn:  Intake
First Fl. Court House
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House – 1st Floor
583 Newark Avenue
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Middlesex Vicinage
2nd Floor – Tower
56 Paterson Street
New Brunswick, NJ 08903

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 866-0020

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
71 Monument Park
P.O. Box 1269
Freehold, NJ 07728

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Washington and Court Streets
P.O. Box 910
Morristown, NJ 07963

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market Street
P.O. Box 29
Salem, NJ 08079

LAWYER REFERRAL
(856) 678-8363
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, NJ 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1ˢᵗ Fl., Court House
2 Broad Street
Elizabeth, NJ 07207

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvedere, NJ 07823

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 475-2010

**COSTELLO & MAINS, LLC**
By: Kevin M. Costello
Attorney I.D. No. 024411991
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | |
|---|---|
| JOSE LABOY, | SUPERIOR COURT OF NEW JERSEY |
| | MERCER COUNTY - LAW DIVISION |
| Plaintiff, | |
| | CIVIL ACTION |
| vs. | |
| | |
| PERFORMANCE GROUP INC. d/b/a | DOCKET NO: MER-L-1728-21 |
| PERFORMANCE FOODSERVICE/ | |
| ROMA-NEW JERSEY; PERFORMANCE | |
| TRANSPORTATION LLC. and JOHN | **FIRST AMENDED COMPLAINT AND** |
| DOES 1-5 AND JOHN DOES 6-10, | **JURY DEMAND** |
| | |
| Defendants. | |

Plaintiff Jose Laboy, residing in Trenton, New Jersey, by way of Complaint against the Defendants, says:

### Preliminary Statement

This matter is opened to the Court under the Conscientious Employer Protection Act ("CEPA") alleging unlawful termination. Claim is further brought to remedy violations of the New Jersey Wage and Hour Law ("WHL").

### Identification of Parties

1. Plaintiff Jose Laboy is, at all relevant times herein, a resident of the State of New Jersey and was an employee of Defendant.

2.      Defendant Performance Group Inc. d/b/a Performance Foodservice/Roma-New Jersey is, at all relevant times, an entity conducting business in the State of New Jersey and was Plaintiff's employer.

3.      Defendant Performance Transportation LLC. Is, at all relevant times, an entity operating in the State of New Jersey and was Plaintiff's employer.

4.      Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the Plaintiff for the acts set forth herein.

### General Allegations

5.      Plaintiff was employed by Defendants from on or about November 23, 2020 until his unlawful termination on or about March 23, 2021.

6.      Plaintiff was employed as a Delivery Truck Driver.

7.      At all times, Plaintiff performed up to and beyond the reasonable expectations of his employers.

8.      As a driver, Plaintiff would retrieve his assigned truck from Swedesboro, New Jersey, log in, and perform deliveries throughout his assigned routes in New Jersey and Pennsylvania.

9.      During Plaintiff's employment, he rarely had the assistance of a helper which resulted in the assigned delivery routes taking more time.

10.     Plaintiff was not getting enough sleep based upon his assigned schedule, the lack of a helper, and the time it took to complete his deliveries.

11.     On or about March 22, 2021, Plaintiff worked approximately 16.5 hours.

12.   On or about March 23, 2021, Plaintiff spoke with Shawn Coco, Supervisor, to request the assistance of a helper for his deliveries that day.

13.   Mr. Coco informed Plaintiff that he would not be given a helper.

14.   Plaintiff left the Swedesboro facility and began to make his assigned deliveries in Philadelphia, Pennsylvania.

15.   On that day, there were numerous road closures due to road work being performed.

16.   Plaintiff contacted Mr. Coco to advise that he was unable to make the scheduled delivery due to the road closures.

17.   Mr. Coco instructed Plaintiff to keep trying to make the delivery while also attempting to contact the sales representative.

18.   This caused about a two hour delay to Plaintiff's assigned delivery route.

19.   Plaintiff continued to make his scheduled deliveries, but grew concerned he would exceed the legal driving time.

20.   Plaintiff contacted Mr. Coco to express that concern.

21.   Mr. Coco informed Plaintiff that he could drive 14 hours per day.

22.   Plaintiff advised that he could not finish the route as he believed the legal drive time was no more than 12 hours.

23.   Plaintiff believed that he would not finish his route within the required timeframe.

24.   Plaintiff was of the reasonable belief that exceeding 12 hours per day of drive time was illegal or unsafe for himself or other users of the roadways on which he was driving.

25.   Pursuant to 49 CFR Section 395.3(a)(2) a driver may not drive after a period of 14 consecutive hours after coming on duty following ten consecutive hours off duty.

3

26.     Further, per 49 CFR Section 395.3(a)(3)(i), a driver may drive a total of 11 hours during the period specified in paragraph (a)(2) of this section.

27.     Plaintiff further expressed his concern that exceeding the legal drive time could jeopardize his CDL.

28.     Plaintiff was of the reasonable belief that completing the remaining seven stops would have caused him to exceed the legal amount of driving hours.

29.     Mr. Coco then informed Plaintiff he would be terminated if he did not complete his route.

30.     Fearing that he was violating the law and risking the loss of his license, Plaintiff did not complete his route.

31.     Plaintiff was terminated from his employment with Defendants.

32.     A determinative and/or motivating factor in Plaintiff's termination was Plaintiff's CEPA protected conduct.

33.     Throughout Plaintiff's employment, he was compensated at an hourly rate of $26 per hour.

34.     Plaintiff regularly worked in excess of 40 hours per week.

35.     For any overtime hours worked, Plaintiff was only paid an additional $13 per hour for each hour of overtime worked instead of an additional $18 per hour for each overtime hour worked, as required by the NJWHL.

36.     Without the records that are in the possession and control of Defendants, Plaintiff cannot plead with specificity the number of hours he worked each week during the course of his employment with Defendants.

37.     Defendants are Trucking Industry employers as defined in NJSA 34:11-56a4(f).

4

38.     Plaintiff is entitled to overtime compensation at a rate of one and a half times the minimum wage rate.

39.     Defendants failed to pay Plaintiff the correct overtime compensation for all hours worked in excess of 40 hours per week.

40.     As a result of Defendants' actions, Plaintiff has been forced to suffer economic and emotional harm.

41.     Because the conduct of Defendants was egregious and because members of upper-management participated in and/or were willfully indifferent to the same, punitive damages are warranted.

## COUNT I

### Violations of CEPA

42.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 41, as though fully set forth herein.

43.     For the reasons set forth above, Plaintiff contends that his discharge was determined and/or motivated in part by his protected conduct under CEPA, for which all Defendants are liable.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

## COUNT II

### Violation of the New Jersey Wage and Hour Law

44.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 43, as though fully set forth herein.

45.     Plaintiff, during the course of his employment, regularly worked in excess of 40 hours in a work week.

46.     Defendants failed to pay Plaintiff overtime compensation at a rate of one and one-half times the minimum wage for hours worked in excess of 40 hours in a work week.

47.     Defendants, by the above acts, have violated the New Jersey Wage and Hour Law.

48.     Plaintiff has suffered monetary damages as a result of Defendants' acts.

WHEREFORE, Plaintiff respectfully request that this Court enter judgment:

a.     Declaring that the acts and practices complained of herein are in violation of the NJWHL;

b.     Directing Defendants to make Plaintiff whole for all unpaid overtime wages due as a consequence of Defendants' violation of the NJWHL, together with interest thereon from the date(s) such wages were due but unpaid;

c.     Directing Defendants to pay Plaintiff an amount of liquidated damages in an amount equal to 200% of the overtime wages due and unpaid;

d.     Awarding Plaintiff the costs of this action together with reasonable attorney's fees;

e.     Granting such other and further relief as the Court deems necessary and proper.

6

## COUNT III

### <u>Request for Equitable Relief</u>

49.    Plaintiff hereby repeats and re-alleges paragraphs 1 through 48 as though fully set forth herein.

50.    Plaintiff requests the following equitable remedies and relief in this matter.

51.    Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

52.    Plaintiff requests that this Court order the Defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific Plaintiff and as to all other individuals similarly situated.

53.    To the extent that Plaintiff was separated from employment and to the extent that the separation is contested herein, Plaintiff requests equitable reinstatement, with equitable back pay and front pay.

54.    Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the Plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the Plaintiff.

55.    Plaintiff requests that the Court equitably order the Defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

56.    Plaintiff requests that the Court order the Defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

7

57.     Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

**COSTELLO & MAINS, LLC**

By:  _/s/ Kevin M. Costello_
                Kevin M. Costello

Dated:  September 28, 2021

## DEMAND TO PRESERVE EVIDENCE

1.      All Defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2.      Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

COSTELLO & MAINS, LLC


By:  _/s/ Kevin M. Costello_
     **Kevin M. Costello**

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

COSTELLO & MAINS, LLC


By:  _/s/ Kevin M. Costello_
     **Kevin M. Costello**

9

## RULE 4:5-1 CERTIFICATION

1.    I am licensed to practice law in New Jersey and am responsible for the captioned

matter.

2.    I am aware of no other matter currently filed or pending in any court in any

jurisdiction which may affect the parties or matters described herein.

**COSTELLO & MAINS, LLC**


By:   */s/ Kevin M. Costello*
        **Kevin M. Costello**


## DESIGNATION OF TRIAL COUNSEL

Kevin M. Costello, Esquire, of the law firm of Costello & Mains, LLC, is hereby-

designated trial counsel.

**COSTELLO & MAINS, LLC**


By:   */s/ Kevin M. Costello*
        **Kevin M. Costello**

MER-L-001728-21   08/20/2021 12:16:13 PM  Pg 1 of 1 Trans ID: LCV20211933351

# Civil Case Information Statement

**Case Details: MERCER | CIVIL Part Docket # L-001728-21**

**Case Caption:** LABOY JOSE  VS PERFORMANCE GROUP
IN C, D/B/A

**Case Initiation Date:** 08/20/2021

**Attorney Name:** KEVIN MICHAEL COSTELLO

**Firm Name:** COSTELLO & MAINS, LLC

**Address:** 18000 HORIZON WAY STE 800
MT LAUREL NJ 080544319

**Phone:** 8567279700

**Name of Party:** PLAINTIFF : LABOY, JOSE

**Name of Defendant's Primary Insurance Company
(if known):** Unknown

**Case Type:** WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE
PROTECTION ACT (CEPA)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: JOSE LABOY?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
        **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
        **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

08/20/2021
Dated

/s/ KEVIN MICHAEL COSTELLO
Signed